UNITED STATES BANKRUPTCY COURT
for the Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| In re | : | Case No.  26 - 10413 |
| B&C Partners, LLC | : | (Chapter 11) |
| Debtor. | : | |
| | : | Hon. Ashely M. Chan |
| | : | |

# NOTICE OF BAR DATE REQUIRING FILING OF PROOFS OF CLAIM AGAINST DEBTOR ON OR BEFORE 5:00 P.M. (EASTERN TIME) ON _____, 2026, FOR NON-GOVERNMENTAL CREDITORS, AND _____, 2026, FOR GOVERNMENTAL CREDITORS

**TO:   ALL PERSONS AND ENTITIES WITH POTENTIAL CLAIMS AGAINST B&C Partners, LLC**

PLEASE TAKE NOTICE THAT:

1. On February 2, 2026 (the "Petition Date"), B&C Partners, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11, Subchapter V, of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court").

2. On _____, 2026, the Court entered an order (the "Bar Date Order") establishing 5:00 p.m. prevailing Eastern Time on _____, 2026, for non-governmental creditors, and _____, 2026, for governmental creditors, as the deadline to file proofs of claim and motions against the Debtor (the "Bar Date").  The Bar Date applies to all claims against Debtor that arose before February 2, 2026, except the Excluded Claims listed in Paragraph 4 below.

3. You MUST file a proof of claim if you have any claim against Debtor that arose before February 2, 2026.  The only exception to this requirement is for claims described in paragraph 4 below.  Acts or omissions that occurred before February 2, 2026 may give rise to claims subject to the Bar Date even if the claims have not become known or fixed or liquidated until after February 2, 2026.  ANY CLAIMS YOU HAVE AGAINST DEBTOR MUST BE TIMELY FILED AND IF NOT,

WILL BE FOREVER BARRED.  Under section 101(5) of the Bankruptcy Code and as used herein, the word claim means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured.

4. The Bar Date Order provides that creditors do NOT have to file proofs of claim by the Bar Date(s) for types of claims listed below in this paragraph 4 (collectively, the "Excluded Claims").  You should not file a proof of claim at this time for any Excluded Claim.  The court may enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of Excluded Claims and setting related deadlines.  If the court does enter such an order, you will have notice of it. Excluded Claims include:

   a. Claims listed in Debtor's filed schedules (the "Schedules"), or any amendments thereto, which are not listed as "contingent," "unliquidated" or "disputed," or which are not disputed by the holders of such Claims as to amount or classification listed on the Schedules;

   b. Claims on account of which a proof of claim already has been properly filed with the Court;

   c. Claims previously allowed by order of the Court before the date of the Bar Date Order;

   d. Any Claim against Debtor that has been paid in full by Debtor, the Trustee, or any other party;

   e. Any Claim that is subject to specific deadlines fixed by this Court;

   f. Any Claimant whose Claim is based on an interest in an equity security of Debtor, provided however that any Claimant who wishes to assert a Claim against Debtor based on Claims for damages or rescission based on the purchase or sale of an equity security, must file a Proof of Claim on or before the General Bar Date.  Debtor reserves all rights with respect to any such Claims including to assert that such Claims are subject to subordination pursuant to section 510(B) of the Bankruptcy Code; and

   g. Any Claim allowable under section 503(b) and section 507(a)(2) of the Bankruptcy Code as administrative expenses of Debtor's Chapter 11 case, with the exception of claims allowable under section 503(b)(9) of the Bankruptcy Code, which are subject to the General Bar Date as provided above.

**5. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT DEBTOR BELIEVES YOU HAVE A CLAIM.**

6.     If Debtor amends the Schedules of Assets and Liabilities (the "Schedules") after you receive this notice, Debtor will give notice of that amendment to the holders of the Claims that are affected by it, and those holders will be given opportunity to file proofs of claim.  If Debtor does amend the Schedules, the deadline to file a proof of claim by the affected creditors is the later of (a) the Bar Date or (b) 21 days from the date on which Debtor provided notice of such amendment to the schedules.

7.     The Bankruptcy Code provides that Debtor (or the Trustee) may, at any time before a plan of reorganization is confirmed by the Court, choose to reject certain executory contracts or unexpired leases. If your contract or lease is rejected, you may have a claim resulting from that rejection.  The deadline to file a proof of claim for damages relating to the rejection of the contract or lease is the later of:
   a.     the Bar Date; or
   b.     the date provided in the order authorizing Debtor to reject (or notice of rejection of) the contract or lease or, if no such date is provided, then 30 days after the date the order is entered or notice of rejection is provided.

## INSTRUCTIONS FOR FILING PROOFS OF CLAIM

8.     If you file a proof of claim, your filed proof of claim must:
   a.     be written in the English language;
   b.     be denominated in lawful currency of the United States;
   c.     be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant;
   d.     include as attachments any documents on which the claim is based; and
   e.     conform substantially with the enclosed proof of claim forms or to Official Form No. 10 (as applicable).
   If a proof of claim form is not enclosed with this notice, you may obtain a proof of claim form from any bankruptcy court clerk's office, from your lawyer, from certain business supply stores, or from
     http://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0.

## INSTRUCTIONS FOR FILING MOTIONS ASSERTING BANKRUPTCY CODE SECTION 503(b)(9) CLAIMS

9.     If you wish to assert a claim against the Debtor seeking the allowance of Bankruptcy Code section 503(b)(9) claim, you may submit a Section 503(b)(9) Form as stated in paragraph 8 above or, in the alternative, you may file your motion requesting such relief with the United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix, Sr. Federal Courthouse, 900 Market Street, Suite 400, Philadelphia, PA  19107-4299, and serve a copy of the motion on Ronald G. McNeil, Esquire, 1333 Race Street   Philadelphia, PA 19107-1585, no later than 5:00 p.m. prevailing Eastern Time on _____, 2026.

10.     YOU MUST SPECIFICALLY IDENTIFY DEBTOR AGAINST WHICH YOU ASSERT A CLAIM, BY NAME AND PROPER CHAPTER 11 CASE NUMBER.  YOU SHOULD INCLUDE ALL CLAIMS AGAINST DEBTOR IN A SINGLE PROOF OF CLAIM FORM.

11.     Your proof of claim form and/or motion must be filed as to be received on or before 5:00 p.m. prevailing Eastern Time on _____, 2026.  You can file the proof of claim by mailing the original proof of claim to:  United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix, Sr. Federal Courthouse, 900 Market Street, Suite 400, Philadelphia, PA  19107, with a copy to Ronald G. McNeil, Esquire, 1333 Race Street   Philadelphia, PA 19107-1585.  The Clerk of the Bankruptcy Court will not accept a Proof of Claim sent by facsimile or by email.

12.     EXCEPT WITH RESPECT TO EXCLUDED CLAIMS (AS DESCRIBED IN PARAGRAPH 4), IF YOU FAIL TO FILE A PROOF OF CLAIM OR MOTION (as applicable) ON OR BEFORE 5:00 P.M. PREVAILING EASTERN TIME, ON THE APPLICABLE BAR DATE ON ACCOUNT OF ANY CLAIM YOU WISH TO ASSERT AGAINST ANY OF THE DEBTORS, THEN:
   a.     YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THIS CHAPTER 11 CASE ON ACCOUNT OF THAT CLAIM; AND
   b.     YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION OR LIQUIDATION FOR THE DEBTOR ON ACCOUNT OF THESE BARRED CLAIMS.

EXAMINATION OF SCHEDULES:

The Schedules and the Bar Date Order may be examined and inspected by interested parties during regular business hours at the Clerk of the Bankruptcy Court, the United States Bankruptcy Court for the Eastern District of Pennsylvania, 900 Market Street,Suite 400,  Philadelphia, PA 19107-4299.  The Court's docket sheet and documents are also accessible at the Court's internet site:  https://ecf.paeb.uscourts.gov through an account obtained from the PACER website at http://pacer.psc.uscourts.gov.  Creditors that wish to rely on the Schedules will have the responsibility for determining that their Claims are listed accurately on them.

Respectfully submitted,

 /s/ Ronald G. McNeil
Ronald G. McNeil, Esquire
Attorney for Debtor
DATE: March 24, 2026